UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* | ) | |
| JOSEPH SPERANDEO, Relator, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-158-JVB-JEM |
| | ) | |
| THE NEUROLOGICAL INSTITUTE & | ) | |
| SPECIALTY CENTERS PC, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Joint Motion to Dismiss [DE 41] filed on May 18, 2018. Plaintiff-Relator Joseph Sperandeo filed a response on June 8, 2018, and Defendants filed a reply on June 15, 2018.

## BACKGROUND

Sperandeo initiated this cause of action by filing a sealed Complaint on May 9, 2014, alleging violations of the False Claims Act. Sperandeo alleged that Defendants presented false claims to the United States Government for payment and used false records or statements to receive government payment for false or fraudulent claims.

Sperandeo alleges that Defendants violated Medicare's Multiple Procedure Payment Reduction Policy by scheduling MRIs on separate days. He alleges that Defendant Selsor instructed MRI schedulers to do this in order to maximize profits and that, when Medicare beneficiaries complained about this practice, the beneficiaries were referred to Selsor, who routinely denied requests to schedule multiple MRIs for the same person on the same day.

Sperandeo further alleges that Defendants failed to provide direct physician supervision for MRIs that required contrast when such MRIs were performed during evening hours. Sperandeo

alleges that the National Medicare Physician Fee Schedule Relative Value File provides, as a general rule, that MRIs with contrast require direct supervision, that is, a physician must be present in the office suite and immediately available to furnish assistance.

On January 23, 2018, the United States of America filed a notice that it was declining to intervene in this action but that Sperandeo could maintain the action in the name of the United States pursuant to 31 U.S.C. § 3730(b)(1). The Court unsealed the case and ordered Sperandeo to serve Defendants. The instant motion followed, in which Defendants seek to have this case dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## ANALYSIS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

Federal Rule of Civil Procedure 9(b) requires allegations of fraud to be plead with particularity. This requirement has, at times, been described as "the who, what, when, where, and how" of the alleged fraud, *U.S. ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 605 (7th Cir. 2005), but the Seventh Circuit Court of Appeals has clarified that courts should not take "an overly rigid view" of this requirement. *U.S. ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016). The requirement is that plaintiffs make sufficient allegations to both state the allegations of fraud precisely and provide "some measure of substantiation" to the allegations. *Id.* (quoting 2 James Wm. Moore et al., Moore's Federal Practice § 9.03[1][b], at 9-22 (3d ed. 2015)). The allegations necessary to state a claim of fraud with particularity will vary based on the facts of the case. *Id.*

To state a claim under the False Claims Act, a relator must allege "(1) that the defendant made a statement in order to receive money from the government; (2) that the statement was false; and (3) that the defendant knew the statement was false." *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 998 (7th Cir. 2014) (quoting *Yannacopoloulos v. Gen. Dynamics*, 652 F.3d

818, 822 n.2 (7th Cir. 2011)). Defendants concede that a claim submitted to the government is legally false if it is "made in contravention of a statute, regulation, or contract." *Thulin,* 771 F.3d at 998.

### A. Multiple Procedure Payment Reduction Policy

Under the Multiple Procedure Payment Reduction Policy, reimbursement rates are reduced for consecutive services provided to a beneficiary on the same day. *See* Revisions to Payment Policies Under the Physician Fee Schedule for Calendar Year 2006, 70 Fed. Reg. 70,116, 70,261 (Nov. 21, 2005).

Defendants argue that Sperandeo's allegations regarding scheduling multiple MRIs on separate days do not state a claim of fraud under the False Claims Act because the allegations are not that Defendants made a "false statement" as needed to satisfy the second element of a False Claims Act claim. Specifically, Defendants maintain that scheduling the MRIs in this manner is not prohibited, and, therefore, the claims submitted for such MRIs are not legally false.

Sperandeo asserts that the Centers for Medicare & Medicaid Services ("CMS") addressed Sperandeo's theory of falsity in a Final Rule with Comment in 2005. CMS indicated that a commenter "noted the potential for abuse by self-referring physicians writing separate prescriptions for studies on different days." *Id.* at 70,262. The CMS responded that "Medicare carriers will establish edits to ensure that separate sessions are not inappropriately scheduled for contiguous body area imaging in attempts to bypass the reduction" and that use of a modifier to indicate multiple sessions *on the same day* "where not medically necessary in order to bypass the payment reduction constitutes fraud." *Id.* at 70,263. The statement regarding the scheduling of imaging applies here, but the statement regarding the use of a modifier does not, as the allegations are that Defendants performed imaging on separate days. A later CMS statement called the

scheduling of imaging on separate days to avoid the reduction policy "unprofessional," "inefficient," and "inappropriate." *See* Payment Policies Under the Physician Fee Schedule, 76 Fed. Reg. 73,026, 73,079 (Nov. 28, 2011).

The above shows that CMS is willing to call certain actions fraudulent—such as the use of a modifier where not medically necessary—but did not name as fraudulent the alleged actions here, instead calling them inappropriate, inefficient, and unprofessional. The False Claims Act is not a vehicle for punishing inappropriate, inefficient, and unprofessional behavior unattached to a false claim. *See Universal Health Servs., Inc. v. United States*, 136 S.Ct. 1989, 2003 (2016) ("The False Claims Act is not 'an all-purpose antifraud statute,' or a vehicle for punishing garden-variety breaches of contract or regulatory violations." (quoting *Allison Engine Co., Inc. v. U.S. ex rel. Sanders*, 553 U.S. 662, 672 (2008))).

Sperandeo also cites to "unbundling" cases and argues that the imaging services at issue were unbundled, but the cases to which Sperandeo cites refer to unbundling in the realm of billing—that is, using multiple billing codes instead of a single, comprehensive billing code— instead of in the realm of scheduling. *See United States ex rel. Worthy v. E. Maine Healthcare Sys.*, No. 2:14-CV-00184, 2017 WL 211609 (D. Me. Jan. 18, 2017); *Salters v. Am. Family Care, Inc.*, No. 5:10-CV-2843, 2014 WL 12684045 (N.D. Ala. July 29, 2014); *United States ex rel. Fontanive v. Caris Life Scis., Inc.*, No. 3:10-CV-02237, 2013 WL 11579021 (N.D. Tex. Oct 23, 2013). Therefore, these cases do not aid Sperandeo's argument. Accordingly, the scheduling of MRIs for the same Medicare beneficiary on separate days is not a fraudulent act.

Sperandeo's final argument regarding the reduction policy, to which the Court now turns, is not about the MRI scheduling *per se*, but rather about whether Defendants made false statements in presenting claims for reimbursement for the MRIs that were "unprofessionally" "inefficiently,"

and "inappropriately" scheduled for separate days because federal law requires physicians providing Medicare services to ensure that the services are "provided economically and only when, and to the extent, medically necessary." *See* 42 U.S.C. § 1320c-5(a)(1). The False Claims Act is not a means of enforcing general statutory or regulatory compliance; a false statement must be made in a claim for reimbursement. *Universal Health Servs., Inc.*, 136 S.Ct. at 2003. In his complaint, Sperandeo has not connected the alleged failure to ensure that the services were provided economically and only to the extent medically necessary to a false statement made in a claim. He states the legal conclusion that false certifications constitute false claims under the False Claims Act and indicates what is in the certification of a Medicare reimbursement request, but there are insufficient factual allegations to plausibly state a claim on this argument. *See* (Compl. ¶¶ 23, 27 (ECF No. 1)). Without adequate allegation of a plausible claim under this theory in the complaint, it is not properly before the Court to consider whether there was a false statement in Defendants' claims regarding the economical and medically necessary provision of services or whether adequate allegations under this theory would be legally sufficient to state a False Claims Act claim.

Therefore, the Court dismisses Sperandeo's claims regarding the Multiple Procedure Payment Reduction policy.

### B. Pleading with Particularity

Defendants assert that Sperandeo's Complaint, which includes placeholders, fails to meet Federal Rule of Civil Procedure 9(b) requirement of pleading fraud with particularity. Sperandeo concedes that he inserted placeholders in his complaint that could have been replaced with specific information if the government chose to intervene, which it declined to do. Sperandeo states, however, that he is able to provide detailed allegations as to specific false claims. In reply,

Defendants argue that Sperandeo should be made to amend the complaint to include the details that he purports to have. The Court heeds the Seventh Circuit Court of Appeals' direction to not take an overly rigid view of the allegations needed, but—especially in light of Sperandeo's representations that he has more information to provide—the Court finds that more detail is needed to provide some measure of substantiation of specific fraudulent acts. The Court dismisses Sperandeo's claims for failure to plead with particularity as required by Rule 9, but leave will be given to amend the complaint.

### C. Statute of Limitations

The statute of limitations period for claims under the False Claims Act is the later of six years after the violation of the act or three years after the material facts are known or reasonably should have been known by the relevant governmental official (but not more than ten years after the date of the violation). 31 U.S.C. § 3731(b). Defendants contend that any allegations of conduct prior to six years before Sperandeo filed his Complaint are barred by the statute of limitations. Sperandeo counters that allegations of ongoing fraud should not be dismissed on the basis of the statute of limitations. Though the complaint was filed more than six years after some of the alleged violations, it was not filed more than ten years after an alleged violation. Dismissing a complaint for violating the statute of limitations is an unusual step, and the allegations here do not set forth all of the elements necessary to satisfy the affirmative defense of a statute of limitations violation. *See Goldberg v. Rush Univ. Medical Ctr.*, 929 F. Supp. 2d 807 at 815-16 (N.D. Ill. 2013). Therefore, the statute of limitations does not provide an independent ground on which to dismiss the complaint.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS with relief different than requested**

Defendants' Joint Motion to Dismiss. The Complaint [DE 1] is **DISMISSED without prejudice**.

Sperandeo may file an amended complaint **on or before May 14, 2021**.

SO ORDERED on March 29, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
